```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


ARTHUR MONTEGUT, SR.                       CIVIL ACTION

v.                                         NO. 08-1740

BUNGE NORTH AMERICA, INC., ET AL           SECTION "F"
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand or, alternatively, to sever the third party claims and remand the main action. For the reasons that follow, the plaintiff's motion is DENIED.

Background

This is a personal injury case arising from occupational exposure to asbestos and contraction of malignant mesothelioma.[1]

In March 2006, Mr. Montegut (a Louisiana resident) filed suit in Louisiana state court against his employer, various vessel owners and operators contractors associated with his employment as a longshoreman, and other firms for negligence and other state law claims arising out of his exposure to asbestos during the course of his 32-year career as a longshoreman. (The plaintiff has added additional defendants in January 2007 and 2008). Several of the

---

[1] The defendants dispute the plaintiff's characterization of his mesothelioma as "malignant", saying that the medical evidence is not conclusive on the issue of whether the plaintiff's mesothelioma is benign or malignant.

1

defendants are, like the plaintiff, Louisiana residents.

On March 3, 2008, one of the defendants, Dixie Machine & Welding, filed a third-party demand for indemnity and contribution against various others, including South African Marine Corporation and Industrial Development Corporation of South Africa, Ltd. (IDC), vessel lines which allegedly transported asbestos from South Africa into the Port of New Orleans.  Within two weeks of service of the third-party demand, IDC removed the suit to this Court, invoking 28 U.S.C. § 1441(d) and the Foreign Sovereign Immunities Act, alleging that it is an agency or instrumentality of South Africa.

The plaintiff now moves to remand the case to Civil District Court for the Parish of Orleans, or alternatively, to sever the third party claims and remand the main action.  Plaintiff relies on the following reasons: (1) procedural defects in IDC's removal to this Court, (2) circumstances of the case, including the plaintiff's medical condition, (3) the separate and independent nature of the main demand from the third-party claim, and (4) principles of judicial economy and justice. The defendants oppose remand, asserting that the removal by IDC under 28 U.S.C. § 1441(d) effected removal of the entire action, and that severance and remand are improper.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of

this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

## II.

Pursuant to 28 U.S.C. § 1330, federal district courts are vested with original jurisdiction over civil actions against a foreign state as defined in § 1603(a). Section 1603 provides:

> (a) A "foreign state"...includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
>
> (b) An "agency or instrumentality of a foreign state" means any entity -
>
>> (1) which is a separate legal person, corporate or otherwise, and
>>
>> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>>
>> (3) which is neither a citizen of a State of the United States..., nor created under the laws of any third country

### A.

The Foreign Sovereign Immunities Act (FSIA) grants foreign state defendants, including third-party defendants, a "broad right of removal" under 28 U.S.C. § 1441(d).  See Nolan v. Boeing Co., 919 F.2d 1058, 1064-66 (5th Cir. 1990), cert. denied, 499 U.S. 962, 111 S.Ct. 1587 (1991) (determining that the language, structure and legislative history of the Foreign Sovereign Immunities Act "counsels that Section 1441(d) should effect removal of an entire action to federal court").  According to 28 U.S.C. § 1441(d),

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

The Fifth Circuit confirmed in Nolan that, even when the defendant that initiates removal under Section 1441(d) is a third-party defendant, the entire action is removed: Section 1441(d) authorizes removal of the entire action in which the foreign state is a party, and is not limited to those third-party claims which are specifically asserted against the foreign state.  Nolan, 919 F.2d at 1064 ("The FSIA grants a foreign state defendant, even if it is a third-party defendant, a broad right of removal under Section 1441(d)").[2]

---

[2] The Nolan court observed that a sovereign third-party defendant's interest in removing the entire case may be even more

4

B.

When IDC removed this suit, it removed the entire action pursuant to Section 1441(d).  See id.  (The plaintiff does not meaningfully dispute that IDC meets Section 1603's requirements.[3]) Moreover, the plaintiff's argument that IDC's removal is procedurally defective because none of the other third-party defendants have consented to removal is without merit.[4]

If, as here, the Court has jurisdiction over the entire action, the plaintiff urges the Court to exercise its discretion to sever and remand the main action and exercise its jurisdiction only over the third-party demand.  Even assuming the Court has discretion to do so, the Court declines the plaintiff's invitation.

---

compelling than that of a sovereign co-defendant, because "its liability is logically dependent on the liability of a defendant in the main action." 919 F.2d at 1065.

[3] The plaintiff contends that IDC has failed to show that it meets the third part of Section 1603.  But IDC's shares are solely owned by the South African government, a fact which the plaintiff does not dispute, the defendant submits a sworn declaration that it is not a citizen of the United States and that it is not created under the laws of any third country. The plaintiff does not contest the defendants' arguments regarding Section 1603.

[4] When a foreign sovereign effects removal pursuant to § 1441(d), it is not required to obtain consent to the removal from the other defendants.  See Nolan, 919 F.2d at 1065 ("Removal of a case under section 1441(d) does not require the joinder of all defendants, nor is it thwarted if one defendant resides in the district in which removal is sought"); see also Acosta v. Master Maintenance and Const., Inc., 52 F.Supp. 2d 699, 708 (M.D. La. 1999) (citing Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1375-76 (5th Cir. 1980)).

See Delgado v. Shell Oil Company, 231 F.3d 165, 182 (5th Cir. 2000) (finding that the district court did not abuse its discretion in denying the plaintiff's motion to sever the third-party claims from the primary claims and remand the primary claims, where there was no indication that the third-party claims unduly complicated or overburdened the primary claims, and judicial efficiency warranted the disposition of all of the claims together.[5] Plaintiff's concern that he will not survive to see his lawsuit through if it remains in federal court is misplaced; he has not shown that the Court may or should compromise judicial efficiency by exercising its discretion to sever his claims from the third-party claims.[6]

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, May 21, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] While the Eleventh Circuit has held that a district court has "no discretion to remand a plaintiff's claims when a FSIA third-party defendant has removed the third-party and primary claims to federal court," the Fifth Circuit has not squarely addressed the specifics of that holding. Delgado v. Shell Oil Company, 231 F.3d at 182 (citing In re Surinam Airways Holding Co., 974 F.2d 1255, 1260 (11th Cir.1992)).

[6] Again, as the Fifth Circuit noted in Nolan, Congress has provided a mechanism for sovereign third-party defendants to remove entire actions, and that interest in removing the entire case is compelling because "its liability is logically dependent on the liability of a defendant in the main action." 919 F.2d at 1065.